1  BRYAN WILSON (CA SBN 138842)
   BWilson@mofo.com
2  ALBERT JAMES RUGO (CA SBN 306134)
   ARugo@mofo.com
3  MORRISON & FOERSTER LLP
   755 Page Mill Road
4  Palo Alto, California  94304-1018
   Telephone: 650.813.5600
5  Facsimile: 650.494.0792

6  WENDY J. RAY (CA SBN 226269)
   WRay@mofo.com
7  MORRISON & FOERSTER LLP
   707 Wilshire Boulevard
8  Los Angeles, California  90017-3543
   Telephone: 213.892.5200
9  Facsimile: 213.892.5454

10 Attorneys for Plaintiffs
   FLIR SYSTEMS, INC. AND FLIR COMMERCIAL
11 SYSTEMS INC.

12 PETER A. UMOFF (CA SBN 91220)
   SEED MACKALL LLP
13 1332 Anacapa Street, Suite 200
   Santa Barbara, CA  93101
14 Telephone: 805.963.0669
   Facsimile: 805.962.1404
15
   Attorneys for Defendant
16 EDWARD HUANG

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| FLIR SYSTEMS, INC. AND FLIR COMMERCIAL SYSTEMS INC., <br><br> Plaintiffs, <br><br> v. <br><br> EDWARD HUANG, <br><br> Defendant. | Case No. 2:19-cv-08510-DSF-KS <br><br> **PERMANENT INJUNCTION AND DISMISSAL WITH PREJUDICE** |

WHEREAS, on October 2, 2019, Plaintiffs FLIR Systems, Inc. and FLIR Commercial Systems Inc.'s (collectively, "FLIR") filed a Complaint for breach of contract and misappropriation of trade secrets against Defendant Edward Huang ("Defendant") ,

WHEREAS Defendant denies liability;

WHEREAS, FLIR and Defendant have stipulated to entry of this Stipulated Permanent Injunction;

NOW, THEREFORE, after the Court's review of this stipulation by the parties, as well as the Court's accompanying review of FLIR's complaint, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant, his agents, heirs, spouses, successors, executors, and all those acting on his behalf or in concert with him, ARE HEREBY RESTRAINED AND ENJOINED from accessing, using, disclosing or transmitting for any purpose any of FLIR's trade secrets or confidential information or information that FLIR has received from third parties in confidence that became known to Defendant during his employment with FLIR. FLIR's trade secrets or confidential information include without limitation any and all files that Defendant had access to, accessed and/or downloaded to personal devices. Such files include, but are not limited to:

    (i) Design files, drawings, schematics, critical dimensions, and specifications relating to FLIR's products and the components thereof;

    (ii) Modeling and simulation results of FLIR's product designs;

    (iii) Purchase orders containing FLIR information regarding orders for parts and components, vendors, and pricing information;

    (iv) Manufacturing and production information, including identification and parameters of FLIR's manufacturing processes and recipe information relating to FLIR products;

    (v) Packaging and trade study information; and

|   |   |   |
|---|---|---|
| 1 | (vi) | Special and proprietary software tools designed by FLIR; |
| 2 | (vii) | Except for information that is generally known within the industry or becomes publicly available. |

2. Defendant is required to immediately return or destroy all FLIR trade secrets or confidential information, if any, not already returned to FLIR.

3. Defendant is directed to serve on FLIR, by email and US mail directed to its counsel of record, within two days after the service on Defendant, by email and US mail directed to his counsel of record, of this Permanent Injunction, Defendant's declaration in the form of Exhibit A attached hereto.

4. There shall be no undertaking or bond required of FLIR.

5. The Court shall retain jurisdiction over the parties hereto for purposes of any proceeding to enforce this Stipulated Permanent Injunction.

6. This case, including all causes of action and defenses, is dismissed with prejudice.

7. This order with its injunctive terms is a final order of this Court.

**IT IS SO STIPULATED, BY AND THROUGH COUNSEL.**

Dated: October 3, 2019

BRYAN WILSON
WENDY RAY
ALBERT JAMES RUGO
MORRISON & FOERSTER LLP

By: */s/ Bryan Wilson*
Bryan Wilson

Attorneys for Plaintiffs
FLIR SYSTEMS, INC. AND FLIR COMMERCIAL SYSTEMS INC.

Dated: October 3, 2019

PETER A. UMOFF
SEED MACKALL LLP

By: /s/ Peter A. Umoff
Peter A. Umoff

Attorneys for Defendant
EDWARD HUANG

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: October 11, 2019

/s/ Dale S. Fischer
JUDGE OF THE DISTRICT COURT

# EXHIBIT A

BRYAN WILSON (BAR NO. 138842)
BWilson@mofo.com
ALBERT RUGO (BAR NO. 306134)
ARugo@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792

WENDY J. RAY (CA SBN 226269)
WRay@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard Suite 6000
Los Angeles CA 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

Attorneys for Plaintiffs
FLIR SYSTEMS, INC. AND
FLIR COMMERCIAL SYSTEMS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FLIR SYSTEMS, INC. AND FLIR COMMERCIAL SYSTEMS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>EDWARD HUANG,<br><br>Defendant. | Case No. 2:19-cv-08510-DSF-KS<br><br>**DECLARATION OF ED HUANG** |

I, Ed Huang, hereby declare as follows:

1. My name is Ed Huang. I am over twenty-one years of age. I am competent to make this declaration. I have personal knowledge of the facts stated in this declaration and if called upon by a court of law to do so, I could and would testify competently to them.

2. I make this Declaration in connection with the Stipulated Permanent Injunction with FLIR in this matter as entered by the Court.

3. I worked at FLIR Systems, Inc. at 6769 Hollister Ave, Goleta, CA 93117 from October 6, 2014 and January 31, 2019.

4. On or about April 2, 2019, at FLIR's request and through a mutually established Forensic Inspection Protocol agreement, I voluntarily and personally delivered a number of electronic devices to FLIR through a forensic vendor, Stroz Friedberg. Attached as **Exhibit A** is a complete and accurate inventory of the electronic devices that I delivered to FLIR. These electronic devices were forensically examined by a third-party vendor retained by FLIR and under FLIR's direction to identify any FLIR confidential or proprietary information. FLIR represents that the forensic inspection of these electronic devices revealed the presence of FLIR confidential or proprietary information. I accept that representation for purposes of this Declaration. To the best of my knowledge, I do not currently have any FLIR confidential or proprietary information in my possession. Nonetheless, if I subsequently discover any such information, I agree to permanently delete all FLIR confidential or proprietary information from any other electronic devices that are in my possession.

5. I hereby confirm that to the best of my knowledge I have either returned to FLIR, destroyed, or allowed FLIR to destroy any and all FLIR confidential or proprietary information in my possession, regardless of the way in which it was acquired, including but not limited to the following, to the extent they were in my possession:

- Detailed design files of FLIR's products and components, including optimal design parameters;
- Detailed simulation and modeling data of FLIR's products;
- Purchase orders containing detailed information of FLIR's ordered parts and components, vendors, and pricing information;
- Various manufacturing processes and recipe information for FLIR's products;
- Detailed packaging and trade study information; and
- Special and proprietary software tool designed by FLIR.

6. To the best of my knowledge, I no longer possess any of the FLIR confidential or proprietary information in any form whatsoever, whether electronic, hard-copy or in any other respect. In the event that I locate any additional FLIR confidential or proprietary information that I inadvertently failed to return or delete, I agree to return or delete it immediately.

7. I agree that I will not use any FLIR confidential or proprietary information, regardless of the means by which it was acquired. This would include, but is not limited to, the information that was located on my personal devices.

8. I agree that I will provide reasonable assistance and cooperation with any further investigation that may be requested by FLIR, in the event that further investigation is necessary.

9. I hereby also confirm that I have not disclosed any FLIR confidential or proprietary information, including the information listed above, to any third-parties without FLIR's authorization.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed in _____, California this \_\_\_\_\_ day of October, 2019.

_____
Ed Huang

FLIR Systems, Inc., et al. v. Edward Huang
Case No. 2:19-cv-08510-CAS-KS

4

# EXHIBIT A



# Morrison & Foerster, LLP: Flir Huang
## Client Property Location
**PRIVILEGED & CONFIDENTIAL**

| CP Number | Brand | Type | Model | Serial |
|---|---|---|---|---|
| 1 | Apple | Smartphone | iPhone | Unknown |
| 2 | Lenovo | Laptop | Thinkpad X220 | R9-HWE10 11/11 |
| 3 | Lenovo | Laptop | Thinkpad X240 | 13025330152 |
| 4 | SanDisk | Thumb Drive | Unknown | Unknown |
| 5 | Supersonic Rage 2 | Thumb Drive | Patriot | 81102 |
| 6 | Apple | Tablet | iPad | Unknown |
| 7 | Western Digital | HDD (External) | My Cloud | WCC7K1EELZRF |
| 8 | Buffalo | HDD (External) | Unknown | 95595701805172 |
| 9 | Buffalo | HDD (External) | Unknown | 95595701805302 |

| | |
|---|---|
| 1 | BRYAN WILSON (CA SBN 138842) |
| | BWilson@mofo.com |
| 2 | ALBERT JAMES RUGO (CA SBN 306134) |
| | ARugo@mofo.com |
| 3 | MORRISON & FOERSTER LLP |
| | 755 Page Mill Road |
| 4 | Palo Alto, California 94304-1018 |
| | Telephone: 650.813.5600 |
| 5 | Facsimile: 650.494.0792 |
| 6 | WENDY J. RAY (CA SBN 226269) |
| | WRay@mofo.com |
| 7 | MORRISON & FOERSTER LLP |
| | 707 Wilshire Boulevard |
| 8 | Los Angeles, California 90017-3543 |
| | Telephone: 213.892.5200 |
| 9 | Facsimile: 213.892.5454 |
| 10 | Attorneys for Plaintiffs |
| | FLIR SYSTEMS, INC. AND FLIR COMMERCIAL |
| 11 | SYSTEMS INC. |
| 12 | PETER A. UMOFF (CA SBN 91220) |
| | SEED MACKALL LLP |
| 13 | 1332 Anacapa Street, Suite 200 |
| | Santa Barbara, CA 93101 |
| 14 | Telephone: 805.963.0669 |
| | Facsimile: 805.962.1404 |
| 15 | |
| | Attorneys for Defendant |
| 16 | EDWARD HUANG |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FLIR SYSTEMS, INC. AND FLIR COMMERCIAL SYSTEMS INC., | Case No. 2:19-cv-08510-DSF-KS |
| Plaintiffs, | **PERMANENT INJUNCTION AND DISMISSAL WITH PREJUDICE** |
| v. | |
| EDWARD HUANG, | |
| Defendant. | |

Having reviewed the stipulation by the parties, as well as the Court's accompanying review of FLIR's complaint, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant, his agents, heirs, spouses, successors, executors, and all those acting on his behalf or in concert with him, ARE HEREBY RESTRAINED AND ENJOINED from accessing, using, disclosing or transmitting for any purpose any of FLIR's trade secrets or confidential information or information that FLIR has received from third parties in confidence that became known to Defendant during his employment with FLIR. FLIR's trade secrets or confidential information include without limitation any and all files that Defendant had access to, accessed and/or downloaded to personal devices. Such files include, but are not limited to:

    (i) Design files, drawings, schematics, critical dimensions, and specifications relating to FLIR's products and the components thereof;

    (ii) Modeling and simulation results of FLIR's product designs;

    (iii) Purchase orders containing FLIR information regarding orders for parts and components, vendors, and pricing information;

    (iv) Manufacturing and production information, including identification and parameters of FLIR's manufacturing processes and recipe information relating to FLIR products;

    (v) Packaging and trade study information; and

    (vi) Special and proprietary software tools designed by FLIR;

    (vii) Except for information that is generally known within the industry or becomes publicly available.

2. Defendant is required to immediately return or destroy all FLIR trade secrets or confidential information, if any, not already returned to FLIR.

3. Defendant is directed to serve on FLIR, by email and US mail directed to its counsel of record, within two days after the service on Defendant, by email

and US mail directed to his counsel of record, of this Permanent Injunction, Defendant's declaration in the form of Exhibit A attached to the parties' stipulation.

4. There shall be no undertaking or bond required of FLIR.

5. The Court shall retain jurisdiction over the parties hereto for purposes of any proceeding to enforce this Stipulated Permanent Injunction.

6. This case, including all causes of action and defenses, is dismissed with prejudice.

7. This order with its injunctive terms is a final order of this Court.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: October 11, 2019

_____
JUDGE OF THE DISTRICT COURT

sf-4094293